IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

PLUMBERS AND STEAMFITTERS          *
LOCAL 150 PENSION FUND and         *
JEFFREY RICE and                   *
RORY LAFONTAINE, as                *
Representative Trustees of the     *
Pension Fund,                      *
                                   *
    Plaintiffs,                    *
                                   *
        v.                         *     CV 115-038
                                   *
MUNS WELDING AND MECHANICAL,       *
INC.,                              *
                                   *
    Defendant.                     *

**O R D E R**

This matter is before the Court on its own initiative. On October 30, 2015, this Court: (a) granted Plaintiffs' motion for judgment on the pleadings; (b) ordered Defendant to pay the Plaintiff Pension Fund $59,491.40 before November 22, 2015; (c) directed the Clerk of this Court to enter judgment in favor of Plaintiffs; (d) ordered Plaintiffs to file a memorandum detailing their attorney's fees and costs before November 16, 2015; and (e) ordered the parties to file a memorandum detailing their contentions as to the award of interest and liquidated damages in favor of Plaintiffs before November 16, 2015. (Doc. 44, at 11.) That same day, judgment was entered in favor of Plaintiffs and against Defendant in the amount of $59,491.40.

(Doc. 45.) On November 16, 2015, Plaintiffs filed the declaration of Mr. Charles E. Elrod, Jr., wherein Mr. Elrod asserts that Plaintiffs are entitled to a total judgment of $69,995.15.[1] (See Doc. 46-1, ¶ 33; see also, Docs. 46, 46-1, 46-2, 46-3.) Notably, Defendant did not respond to the Court's Order and/or Plaintiffs' filing dated November 16, 2015. Rather, on November 23, 2015, Defendant filed a Notice of Bankruptcy Filing stating that it had filed for Chapter 7 bankruptcy. (Doc. 47.)

On November 20, 2015, Defendant initiated voluntary Chapter 7 bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Georgia, namely *In re Muns Welding and Mechanical, Inc.*, Case No. 15-11954 (Bankr. S.D.Ga 2016) (the "Bankruptcy Action"). (See Bankruptcy Action, Doc. 1.) In its list of creditors and statement of liabilities, Defendant listed the Plaintiff Pension Fund as an unsecured creditor with a claim against Defendant of $69,995.15. (See Bankruptcy Action, Doc. 7, at 10.) In its statement of financial affairs, Defendant listed the present action and noted that it had been responsible, as an employer, for contributing to the Plaintiff Pension Fund. (See id., at 15, 20.) Defendant also listed the Plaintiff Pension Fund (c/o Plaintiffs' counsel) in its creditor mailing matrix. (See id., at 24.) On January 13, 2016, the

---

[1] This amount includes the Court's original award of $59,491.40, as well as interest calculated through November 16, 2015, ERISA statutory damages, and attorney's fees and expenses incurred through October 31, 2015. (See Doc. 46-1, ¶ 33 & fn.1.)

2

bankruptcy trustee stated that, after a diligent inquiry into Defendant's financial affairs, he was unable to locate any property available for distribution from Defendant's estate over and above that exempted by law. (Bankruptcy Action, Doc. 11.) On March 17, 2016, the Bankruptcy Court entered its Final Decree, stating that Defendant's bankruptcy estate "has been fully administered" and closing the Bankruptcy Action. (Bankruptcy Action, Doc. 13.)

On March 22, 2017, because no substantive motions had been filed or other substantive actions had been taken in this Court in over a year, the Court ordered Plaintiffs to show cause as to why the Court should not: (a) dismiss Plaintiffs' claims against Defendant; and (b) close this case. On March 31, 2017, Plaintiffs filed their show cause memorandum, stating that while the resolution of the Bankruptcy Action did not affect the existence or validity of the judgment entered in their favor, they "consent to the Court's resolving this case by making the [judgment dated October 30, 2015] the Final Judgment of the Court, dismissing any remaining claims without prejudice, and terminating this action." (Doc. 50, at 2.) To date, Defendant has failed to respond to Plaintiff's show cause memorandum, seek an extension of time to do so, or otherwise communicate to the Court any objection to the resolution proposed by Plaintiffs.

Accordingly, upon due consideration, **IT IS HEREBY ORDERED** that: (a) the judgment entered October 30, 2015 (doc. 45) is

3

made the **FINAL JUDGMENT** of the Court in this action; and (b) any remaining claims asserted by Plaintiffs against Defendant in this action are **DISMISSED WITHOUT PREJUDICE**.[2] The Clerk is directed to **TERMINATE** all motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia this 25th day of April, 2017.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Plaintiffs have brought a related action against non-parties Muns Group, Inc., Muns Mechanical, Inc., and C & M Equipment Leasing, Inc., wherein Plaintiffs seek to hold these aforementioned non-parties jointly and severally liable for the pension withdrawal liability incurred by Defendant. (See *Plumbers and Steamfitters Local No. 150 Pension Fund, et al. v. Muns Group, Inc., et al.*, Case No. 1:15-CV-200 (S.D. Ga. filed Dec. 16, 2015) (the "Related Action").) The dismissal of Plaintiffs' remaining claims against Defendant and other actions taken in the present Order shall have no effect upon Plaintiffs' claims against the aforementioned non-parties in the Related Action.

4